**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JOSE MADRIGAL-VEGA,

                                      Civil No. 25-3675 (JRT/EMB)

              Petitioner,

v.                                  **MEMORANDUM OPINION AND ORDER**
                                        **ADOPTING REPORT AND**

DIRECTOR, *Federal Bureau of Prisons*; and         **RECOMMENDATION**

WARDEN, *FPC Duluth*,

              Respondents.

---

Jose Madrigal-Vega, Reg. No. 77165-097, FPC Duluth, Post Office Box 1000, Duluth, MN 55814, *pro se* Petitioner.

Ana H. Voss and Justin Merak Page, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Jose Madrigal-Vega petitions for a writ of habeas corpus under 28 U.S.C. § 2241. He challenges the Federal Bureau of Prisons' ("BOP") methods for calculating time credits under the First Step Act ("FSA") and the Second Chance Act ("SCA"). He requests that the Court order Respondents to produce time credit data; recalculate his sentence consistent with FSA, SCA, and BOP guidance; and transfer him to a residential reentry center. Magistrate Judge Elsa M. Bullard issued a Report and Recommendation ("R&R"), recommending that the Court dismiss Madrigal-Vega's habeas petition because he failed exhaust his administrative remedies and failed to show that the BOP was improperly

calculating his time credits.  Madrigal-Vega has filed timely objections.  After carefully reviewing Madrigal Vega's objections and the R&R de novo, the Court will overrule Madrigal-Vega's objections, adopt the R&R, deny the petition, and dismiss the action without prejudice.

**BACKGROUND**

Madrigal-Vega is currently serving a 97-month sentence at the Federal Prison Camp in Duluth, Minnesota, under the supervision of the BOP.  (Emergency Pet. For Writ of Habeas Corpus ("Pet.") ¶ 5, Sept. 15, 2025, Docket No. 1.)  He began serving his term of imprisonment on June 2, 2022, and therefore, absent any time credits, his projected release date is July 2, 2030.  (*Id.* ¶ 6.)  Madrigal-Vega did not pursue administrative remedies before filing his petition.  (*Id.* ¶ 9.)

On September 15, 2025, Madrigal-Vega filed an emergency petition for writ of habeas corpus, arguing that the BOP was miscalculating his time credits under the FSA and SCA, and he requested that the Court order the BOP to transfer him to a residential reentry center.  (*Id.* ¶ 12.)  On October 14, 2025, the Magistrate Judge issued an R&R, recommending Madrigal-Vega's habeas petition be denied because Madrigal-Vega failed to show that the BOP was miscalculating his time credits and because Madrigal failed to exhaust his administrative remedies.  (*See generally* R&R, Oct. 14, 2025, Docket No. 5.)  Petitioner timely objected to the R&R.  (Obj., Oct. 22, 2025, Docket No. 6.)

**DISCUSSION**

## I.    STANDARD OF REVIEW

After a magistrate judge issues an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, Civ. No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court must determine de novo "properly objected to" portions of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

But Madrigal-Vega is proceeding pro se. A document filed by a pro se litigant must be liberally construed and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit instructs courts to liberally construe general and conclusory pro se objections to R&Rs and to conduct de novo review even when a petitioner's objections lack specificity. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). Because Madrigal-Vega is proceeding pro se, the Court will conduct a de novo review of the portions of the Magistrate Judge's R&R to which Madrigal Vega has objected.

## II.    ANALYSIS

Madrigal-Vega objects to the R&R on five grounds: (1) the R&R incorrectly treats mandatory credits as discretionary; (2) the future credits Petitioner calculates were incorrectly calculated by the BOP and the R&R; (3) the R&R fails to properly apply 18 U.S.C

§ 3624's prerelease custody requirements; (4) the administrative exhaustion requirement should be excused because exhaustion is futile and would inflict irreparable injury; and (5) the R&R speculates about facts.  (Obj. at 2.)

After careful consideration of Madrigal-Vega's objections and the R&R, the Court will overrule the objections and adopt the R&R for at least **three** reasons.

**First**, the Court lacks jurisdiction to grant the relief Petitioner seeks.  Petitioner asks the Court to "order Respondents to transfer Petitioner to an appropriate [residential reentry center] within fourteen (14) calendar days of the corrected computation[.]"  (Pet. ¶ 12(C).)  Under Eighth Circuit precedent, federal courts have jurisdiction to hear habeas petitions concerning the "fact or length of the confinement," but they lack jurisdiction to hear habeas claims challenging the "conditions of confinement."  *See Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the prisoner is not challenging the validity of his conviction or the length of his detention . . . then a writ of habeas corpus is not the proper remedy.").

Here, Madrigal-Vega does not challenge the validity of his conviction or seek relief that would shorten the duration of his detention.  Instead, he seeks transfer to prerelease custody.  Such relief would alter only the location of his confinement, not the fact or length of his detention.  The Eighth Circuit recently confirmed that prerelease custody remains a form of detention.  *Fortner v. Eischen*, 170 F.4th 655, 658 (8th Cir. 2026).  Accordingly, a request for transfer to prerelease custody challenges only the conditions

of confinement and is therefore not cognizable in a habeas proceeding. *See Sierra-Serrano v. Warden, FCI Sandstone*, Civ. No. 25-2274, 2026 WL 1045269, at *3 n.2 (D. Minn. Jan. 20, 2026) ("A claim that the BOP should transfer a prisoner to prerelease custody sooner under the SCA is not cognizable on habeas review.").

Indeed, the relief sought here is similar to the relief requested in *Fortner*. There, the petitioner sought to apply earned FSA time credits to expedite his transfer to prerelease custody. Although the Eighth Circuit vacated the order on mootness grounds, the Eighth Circuit endorsed the Court's dismissal of Fortner's petition for lack of jurisdiction, confirming that because Fortner's claim challenged conditions of his confinement, it was not cognizable in habeas. *Fortner*, 170 F.4th at 657, 660 (citing *Spencer*, 774 F.3d at 470).

Because Madrigal-Vega seeks only to expedite his transfer to prerelease custody, rather than shorten the length of his sentence, his claim challenges the conditions of his confinement. Under Eighth Circuit precedent, such claims are not cognizable in a habeas petition. Accordingly, the Court lacks jurisdiction over Madrigal-Vega's claims.

**Second**, Petitioner seeks to apply credits he has not yet "earned." *See Cullar v. Warden, FCI Sandstone*, Civ. No. 25-2916, 2026 WL 1398633, at *3 (D. Minn. May 19, 2026) (dismissing habeas petition where prisoner sought to apply unearned FSA time credits). To earn FSA time credits, prisoners must "complete[] evidence-based recidivism reduction programming or productive activities[.]" 18 U.S.C. § 3632(d)(4)(A). Under 18

-5-

U.S.C. § 3624(g)(3), up to 12 months of FSA credits can be applied to trim an inmate's custodial term before the inmate is transferred to supervised release, thereby reducing imprisonment by one year. *See also* 28 C.F.R. § 523.44(d)(3). Any additional earned FSA credits beyond those first 365 days are applied towards early transfer to prerelease custody. *See* 18 U.S.C. § 3632(d)(4)(C). But only "earned" FSA credits "shall be applied toward time in prerelease custody or supervised release." *Id.*

Here, Petitioner seeks to apply credits to advance the date of is transfer to prerelease custody by applying credits he has not yet earned. While Petitioner may earn such credits upon participating in "evidence-based recidivism reduction programming or productive activities," *id.* § 3632(d)(4)(A), neither Petitioner nor the BOP knows whether Petitioner will successfully complete those activities. Therefore, Petitioner cannot show that the BOP is improperly miscalculating his time credits.[1]

**Third**, Petitioner failed to exhaust his administrative remedies. Generally, federal prisoners must exhaust all available administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). Because the administrative exhaustion requirement is judicially created, it is not jurisdictional. *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007). Therefore, a court may "exercise its discretion to decide a petition on its merits, even if a prisoner has not

---

[1] For the reasons set forth in the R&R, the Court agrees with the Magistrate Judge that Petitioner's proposed time credit calculations are erroneous. (*See* R&R at 3–5.)

exhausted his administrative remedies." *Whentworth v. Fisher*, Civ. No. 10-2270, 2011 WL 5077612, at *5 (D. Minn. Oct. 7, 2011), *R&R adopted*, 2011 WL 5078870 (D. Minn. Oct. 26, 2011). In determining whether to require exhaustion, courts should balance the interests of the individual in securing prompt access to a federal forum against the institutional interests favoring exhaustion. *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992). Courts have held that the exhaustion requirement may be excused when time constraints make exhaustion unduly prejudicial or when pursuing administrative remedies would be futile and serve no useful purpose. *Id.* at 146–48.

Here, Petitioner concedes that he failed to exhaust his administrative remedies but argues that exhaustion would be futile and result in irreparable harm. (Pet. ¶ 9.) The Court is not persuaded. As the Supreme Court has explained, the exhaustion requirement promotes the development of a complete factual record, enables courts to benefit from the agency's expertise, and advances judicial economy by giving the agency the opportunity to correct its own errors. *McCarthy,* 503 U.S. at 145–46; *see also United States v. Dico, Inc.*, 136 F.3d 572, 577 (8th Cir. 1998). Those interests are particularly compelling here. As acknowledged by the Magistrate Judge, the factual record here is lacking, and the Court would benefit from a more fully developed administrative record before addressing Petitioner's claims. (*See* R&R at 5 ("When, then, must Mr. Madrigal-Vega be released from BOP custody? It is impossible to know from the habeas petition now before the Court.").) Moreover, the BOP should have the opportunity to consider

and, if appropriate, resolve Petitioner's claims before judicial intervention.  On balance, the Court concludes that Petitioner's interest in immediate judicial review does not outweigh the institutional interests served by the exhaustion requirement.  Accordingly, the Court declines to excuse Petitioner's failure to exhaust administrative remedies.

For these reasons, the Court will deny Madrigal-Vega's habeas petition, but because of its jurisdictional and procedural defects, the Court will dismiss the action without prejudice.[2]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Petitioner Jose Madrigal-Vega's Objections to the Magistrate Judge's Report and Recommendation (Docket No. [6]) are **OVERRULED**.

2.  The Report and Recommendation (Docket No. [5]) is **ADOPTED**.

3.  The Petition for a Writ of Habeas Corpus (Docket No. [1]) is **DENIED**.

4.  The action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 4, 2026                                    _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                      JOHN R. TUNHEIM
                                                               United States District Judge

---

[2] Dismissal without prejudice means that if Madrigal-Vega can make changes to his Petition that cure the jurisdictional and procedural defects, he may refile his petition.